THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| XL INSURANCE AMERICA, INC., As Subrogee of FEINTOOL U.S. OPERATIONS, INC., and FEINTOOL CINCINNATI, INC., <br><br> Plaintiff, <br><br> v. <br><br> FBF LIMITED D/B/A QUEEN CITY STEEL TREATING COMPANY, <br><br> Defendant. | Case No. 19-cv-00067-MRB |

**STIPULATED CONFIDENTIALITY & NON-DISCLOSURE AGREEMENT**

This Stipulated Confidentiality & Non-Disclosure Agreement ("Agreement") is entered into by and between XL Insurance America, Inc., as subrogee of Feintool U.S. Operations, Inc., and Feintool Cincinnati, Inc., ("XLIA") and FBF Limited d/b/a Queen City Steel treating Company ("QCST") (collectively referred to as the "Parties").

**WHEREAS**, in the course of this litigation, the Parties and third-parties may be required to produce documents and information that is or contains privileged, confidential or proprietary information of the Parties or third-parties, including but not limited to, Magna Seating of America, Inc. ("Magna") and Fiat Chrysler Automobiles ("FCA");

**WHEREAS**, XLIA has produced documents numbered XLIA0000350 – XLIA0000379, which contain confidential information regarding FCA's response to certain cam components being incorporated into parts Magna supplied to FCA for use in certain vehicles;

**WHEREAS**, the disclosure of confidential information to individuals or entities other than those specified herein could pose a significant risk of injury to the Parties and third-parties;

**WHEREAS**, the Parties intend that the production or disclosure of any confidential information in this action shall not constitute a waiver of any privileges or protections that otherwise cover such confidential information;

**NOW THEREFORE**, the Parties agree as follows:

1. **Scope of the Agreement**

    (a) This Agreement shall govern all documents, testimony, interrogatory responses, deposition exhibits and any other information or materials, produced, given or exchanged by the Parties or third-parties during the discovery proceedings in this action, all information contained in those materials, and all copies, excerpts, or summaries of those materials ("Discovery Materials").

2. **Designation of Confidential Materials**

    (a) Counsel for any Party or counsel for any third-party may designate any Discovery Material as "Confidential" to the extent that counsel reasonably believes that such materials should be so treated ("Designating Party"). Such materials are referred to herein as "Confidential Discovery Materials."

    (b) Any Discovery Materials other than deposition testimony may be designated as Confidential Discovery Materials by affixing the same (in such manner as will not interfere with the legibility thereof) with the legend "**CONFIDENTIAL**" at the time of their production; provided, however, that any Party or third-party may subsequently designate such material "**CONFIDENTIAL**" if such material was inadvertently disclosed, but the protections afforded under this Agreement to such inadvertently-disclosed material shall become effective only when such designation occurs and shall not be retroactive to the date on which such inadvertently-disclosed

        material was produced or provided. Multiple page documents shall be deemed to have been sufficiently marked confidential if so marked on the first page.

(c)     Subject to Paragraph 2(a) above, if a Party reasonably believes that Discovery Materials produced (or to be produced) by a third-party should be designated as Confidential Discovery Materials it may so designate those Discovery Materials by written notice to all Parties no later than ten (10) days after it receives those Discovery Materials.

(d)     Any deposition testimony or any portion thereof may be designated as Confidential Discovery Materials in the following manner: (a) by a statement on the record by counsel at the time of such disclosures; or (b) by sending written notice to all Parties within ten (10) days of receiving a copy of the transcript thereof; and in the case of either (a) or (b), by directing that the "**CONFIDENTIAL**" legend be affixed to the pages of the original and all copies of the transcript containing the Confidential Discovery Materials.

(e)     In the event counsel for a Party receiving Confidential Discovery Materials ("Non-Designating Party") objects to such designation in whole or in part, the Parties and/or third party (in the event the objection is to a third-party designation) will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief. Counsel for the Non-Designating Party may move the Court for an order declassifying such Confidential Discovery Materials or for an order allowing disclosure for a limited purpose. The Confidential Discovery Materials shall be treated in accordance with their designation until such time as the Court grants a motion to declassify the Confidential Discovery Materials or

allows disclosure for a limited purpose, unless otherwise agreed by the Designating Party or such Party's counsel.

3. **Uses and Disclosures of Confidential Discovery Materials**

    (a) The Parties may use all Confidential Discovery Materials solely for the purpose of this action, including any and all appeals, and not for any other purpose. The use of any Confidential Discovery Materials, including without limitation all copies thereof, and all materials referring to or containing Confidential Discovery Materials, shall be restricted to the preparation, evaluation, and conduct of the proceedings in the Action. Confidential Discovery Materials shall not be used by any person or Party for any other purpose, including without limitation, any other litigation proceedings or any other business or commercial purpose.

    (b) The Parties agree to maintain the confidentiality of all Confidential Discovery Materials in accordance with the terms of this Agreement and not disclose any Confidential Discovery Materials to any third party except as expressly provided in this Agreement.

4. **Access to Confidential Discovery Materials**

    (a) Access to Confidential Discovery Materials shall be limited to:

    i. This Court, including Court personnel, and any jury that may be empanelled in this action;

    ii. The Parties (including their employees), the Parties' insurance companies, and counsel thereof, together with their associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of this action;

4

    iii.    Consultants and experts retained by the Parties in connection with this action, and employees and clerical assistants as may be assisting such consultants or experts (it being understood that the persons to whom such disclosure is made will be informed of the confidential nature of the Confidential Discovery Materials and must agree to be bound by the terms of this Agreement). Each such outside expert or outside consultant shall execute a Non-Disclosure Agreement in the form annexed hereto prior to the disclosure of any Confidential Discovery Materials.  A copy of each executed Non-Disclosure Agreement shall be provided to each Party's legal counsel upon request;

    iv.    Outside vendors who perform photocopying, duplication, reproduction, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

    v.    Court reporters and other persons engaged in preparing transcripts of testimony, or hearings in this action;

    vi.    All non-parties who may be called to testify at trial or by deposition in this action, or such person's counsel unless the Designating Party, after receiving five days' notice, objects in advance, in which event the Confidential Discovery Materials shall not be shown nor the contents thereof disclosed to such witnesses or their counsel unless and until the Court orders otherwise;

      vii.    Any person, and their counsel, indicated on the face of the document to be the author, addressee or the recipient of a copy of the designated documents; and

      viii.    Any other person to whom the Designating Party shall agree in writing.

(b)    Each person or entity given access to Confidential Discovery Materials shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this Agreement and may not be used except in the prosecution or defense of this action nor disclosed other than pursuant to the terms hereof. A copy of this Agreement shall be furnished to each person or entity who is permitted access to Confidential Discovery Materials.

(c)    Nothing contained in this Agreement shall preclude any Designating Party from using its own Confidential Discovery Materials in any manner it sees fit, or from revealing such Confidential Discovery Materials to whomever it chooses, without the prior consent of any Party or the Court.

(d)    Nothing contained in this Agreement shall prohibit any Party from seeking further, greater or lesser protection from the Court on noticed motion with respect to the use of any Confidential Discovery Materials.

**5.**    **Compelled Disclosure**

(a)    In the event that a Party to this Agreement is served with a subpoena, order or other process by a third-party seeking (whether explicitly or otherwise) disclosure of Confidential Discovery Materials so designated by other Parties to this action, the Party so served must transmit a copy of such subpoena, order or other process via electronic mail, facsimile, messenger or overnight mail, to counsel of record within

seven (7) business days of the receipt thereof (and if there are fewer than seven (7) business days between service and the return date, then as promptly as possible before the return date), to allow such other counsel to seek a protective order or other relief from this or another Court to prohibit or limit disclosure of Confidential Discovery Materials.

**6.** **Confidential Discovery Materials Under Seal**

(a) If Confidential Discovery Materials, or information derived therefrom are to be included in any papers to be filed with this Court, the Party filing such information agrees to file a motion seeking to submit such Confidential Discovery Materials (or portions thereof) under seal with the Court, and use reasonable efforts under the circumstances to obtain an order granting such motion prior to submitting such information to the Court. In any event, such filing Party agrees to provide a copy of the Confidential Discovery Materials filed under seal to counsel for all Parties.

**7.** **Term**

(a) Upon the termination of this action (whether by litigated resolution, settlement or otherwise) including all appeals, counsel for any Party who designated Discovery Materials as Confidential Discovery Materials subject to the terms of this Agreement may request in writing (a) that any person receiving such Confidential Discovery Materials shall destroy all of them (and all copies thereof) and provide an affidavit confirming their destruction to the Designating Party or (b) that all such documents (and all copies thereof) that have not previously been destroyed be returned to the Designating Party, together with an affidavit confirming that any

    Confidential Discovery Materials (or any copies thereof) that are not being returned have been destroyed.

 (b) The obligations imposed by this Agreement shall survive the termination of this action. Neither the termination of this action nor the termination of employment of any person who had access to any Confidential Discovery Materials, shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Discovery Materials, pursuant to this Agreement.

**8. Miscellaneous**

 (a) This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

 (b) If either Party contends that the other Party is acting in bad faith under and/or is abusing this Agreement, the Party so contending may apply to the Court for relief from such bad faith action and/or abuse, and the Court may for cause shown terminate or modify this Agreement and imposed such sanctions as this Court deems appropriate.

 (c) Counsel for each Party may retain abstracts of summaries of Confidential Information or copies of material which contains counsel's mental impressions or opinions and/or other information protected by attorney/client or work product privileges, and may retain Confidential Discovery Materials which are attached to or incorporated in documents filed with the Court. Any document or other thing

containing Confidential Discovery Materials retained by counsel shall remain subject to the terms of this Agreement, which shall remain in full force and effect.

(d) Nothing in this Agreement shall be interpreted as a waiver of the right to object, pursuant to the Rules of Civil Procedure, to the furnishing of information and documents in response to discovery requests, nor shall any action taken pursuant to this Agreement prejudice or waive the rights of any of the Parties contesting the relevancy or admissibility of information designated as Confidential Discovery Materials.

Agreed this 12th day of June, 2020 by:

**KENNEDYS CMK LLP**

*/s/ Louis H. Kozloff*
Louis H. Kozloff, Esquire
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: (267) 479-6700
Fax: (215) 665-8475
Email: louis.kozloff@kennedyslaw.com

**REMINGER CO., L.P.A.**

*/s/ Joseph W. Borchelt*
Joseph W. Borchelt (0075387)
525 Vine St., Suite 1700
Cincinnati, OH 45202
Tel: (513) 721-1311
Fax: (513) 721-2553
Email: jborchelt@reminger.com

Counsel for Plaintiff
XL Insurance America, Inc.

10

**KOHNEN & PATTON LLP**

*/s/ Michelle A. Cheek*
Colleen M. Blandford, Esquire
Michelle A. Cheek, Esqurie
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, Ohio 45202
Tel: (513) 381-0656
Fax: (513) 381-5823
Email:  cblandford@kplaw.com
            mcheek@kplaw.com


**FAULKNER & TEPE LLP**

John C. Scott, Esquire
Christine Carey Steele, Esquire
1 West Fourth Street, Suite 2050
Cincinnati, Ohio 45202
Tel: (513) 977-9010
Fax: (513) 421-7502
Email:  jscott@faulkner-tepe.com
            ccareysteele@faulkner-tepe.com


Counsel for Defendant
FBF Limited

11

**ORDER**

The Stipulated Confidentiality & Non-Disclosure Agreement ("Agreement") between XL Insurance America, Inc., as subrogee of Feintool U.S. Operations, Inc., and Feintool Cincinnati, Inc., ("XLIA") and FBF Limited d/b/a Queen City Steel treating Company ("QCST") (collectively referred to as the "Parties") is before the court and is hereby **ENTERED** by the Honorable United States Magistrate Judge, Karen L. Litkovitz

_____
**UNITED STATES MAGISTRATE JUDGE**

This \_\_\_15th\_\_\_ day of \_\_\_June\_\_\_, 2020

**CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT**

The undersigned represents that he/she has been engaged as a consultant or expert on behalf of _____ in the matter styled: *XL Insurance America, Inc. v. FBF Limited D/B/A Queen City Steel Treating Company, Case No. 19-cv-00067-MRB*. I represent that I have been provided a complete copy of the parties' Stipulated Confidentiality and Non-Disclosure Agreement, that I have read and understand the same, and that I will abide by and obey all terms contained therein.

Date:_____  _____
Signed

_____
Name: (Print or Type)